AMNESTY AMERICA, suing in its representative capacity o/b/o arrestee victims of officially sanctioned, intentional and malicious physical brutality and excessive force to coerce the involuntary service of walking as arrestees and pre-trial detainees by police officers of the Town of West Hartford, CT on April 1, 1989 and June 17, 1989, Plaintiff,

William E. Waugh, Suzanne C. Verdi, R.N., Harry M. Ong, Eleanor Brady, arrestees and pre-trial detainees, suing o/b/o themselves & others similarly situated and Edward Dombroski, Plaintiffs–Appellants,

v.

TOWN OF WEST HARTFORD,
Defendant–Appellee,

Robert McCue, Chief of
Police, Defendant.

Docket No. 01–7686.

United States Court of Appeals,
Second Circuit.

Argued: Jan. 11, 2002.

Decided: April 17, 2002.

John R. Williams, Williams & Pattis, LLC, New Haven, CT, for Plaintiffs–Appellants.

Marcia J. Gleeson, Sack, Spector & Karsten, LLP, West Hartford, CT, for Defendant–Appellee.

Before: WALKER, Chief Judge, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Plaintiffs-appellants ("plaintiffs") appeal from a decision of the United States District Court for the District of Connecticut (Dorsey, *J.*), granting summary judgment to defendant-appellee Town of West Hartford ("Town") on the plaintiffs' 42 U.S.C. §§ 1983 and 1988 action. Plaintiffs submitted papers in opposition to the motion for summary judgment. Although plaintiffs alleged the existence of disputed issues of material fact, they did not provide citations to the supporting evidence. The district court refused to review the evidence proffered by plaintiffs and dismissed the case. We hold that a district court may not grant summary judgment on the ground that the opposition papers did not contain record citations unless the non-movants have been previously put on notice, through a local rule or otherwise, that such citations are required.

## BACKGROUND

Plaintiffs are abortion protestors who were arrested for their participation in two demonstrations that took place in 1989 at the Summit Women's Center ("the Center"), an abortion clinic located in West Hartford, Connecticut. The demonstrators, who had blocked access to the Center, were charged with trespass, interfering with an officer, burglary, and criminal mischief. Because plaintiffs refused to cooperate with the arresting officers, going limp upon arrest, the officers used force to

remove them physically from the building and surrounding area.

Plaintiffs allege that the police used unreasonable and excessive force during their arrests pursuant to a *de facto* municipal policy. Specifically, plaintiffs contend that they were deliberately beaten, kicked, or rammed into objects by the police officers who carried them out of the Center. Plaintiffs further allege that Chief of Police Robert McCue, the official in charge of setting law enforcement policy, was present at the scene of the arrests, that the Town had known in advance of the demonstrations and prepared its officers for them, and that the Town refused to investigate complaints of excessive force made after the first demonstration.

In September 2000, the Town moved for summary judgment. The Town proffered a Statement of Undisputed Facts in accordance with the District of Connecticut's Local Rule 9(c), which at the time provided in pertinent part:

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 9(c)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 9(c)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 9(c)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 9(c)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 9(c)2 Statement must also include

in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. The statements referred to above shall be in addition to the material required by these Local Rules and the Federal Rules of Civil Procedure.

D. Conn. Local R. 9(c) (2000). Attached to the Town's Rule 9(c)1 Statement were five exhibits, including an affidavit from the chief of police in which he denied that excessive force had been used. The Town's Rule 9(c)1 Statement did not cite to this exhibit, however, and in fact made only one specific reference to a single document—a sheet of instructions given to the demonstrators explaining how to respond in the event of an arrest.

In response, plaintiffs tendered a Memorandum in Opposition to Motion for Summary Judgment ("Opposition Memorandum") accompanied by a Rule 9(c)2 Statement of Undisputed Facts and 500 pages of supporting evidence. The Opposition Memorandum and Rule 9(c)2 Statement pointed to certain facts that the plaintiffs claimed were in dispute and material, and referred generally to evidence in the record that allegedly supported this contention, but did not cite to the record to show where these documents could be found.

The district court, justifiably frustrated with the plaintiffs' submissions, refused to conduct an independent review of the record in order to find supporting proof:

Plaintiffs have submitted hundreds of pages of exhibits. Their Memorandum in Opposition occasionally mentions that something has been attached as an exhibit, but never cites to a particular exhibit. Rather, plaintiffs seem to expect the Court to search through voluminous pages and surmise which portions of which exhibits support which claim. This exercise is one that the Court re-

frains from doing as it is plaintiffs' obligation to *demonstrate* that there is a genuine issue of material fact.

*Amnesty Am. v. Town of W. Hartford,* Civ. No. 2:92cv214, at 5 n.1 (D.Conn. May 15, 2001). The district court did not give plaintiffs notice that specific record citations were required, nor did the district court give the plaintiffs an opportunity to remedy their omission. Rather, on May 15, 2001, the district court simply rendered its decision without considering any evidence offered by plaintiffs, except for a letter specifically referenced in the Opposition Memorandum. This appeal followed.

## DISCUSSION

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)).

■ Effective November 1, 2001, the Local Rules for the District of Connecticut were amended to dictate that "[e]ach statement of material fact in a Local Rule 9(c) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." D. Conn. Local R. 9(c)3 (2001). At the time the district court granted the Town's motion for summary judgment, however, the Local Rules contained no such requirement. *See ante* at

469. The issues we are faced with, then, are whether in the absence of an applicable local rule a district court may refuse to conduct an independent review of the documents submitted in opposition to a motion for summary judgment, and under what conditions a district court may dismiss a complaint on the ground that the opposition papers do not cite specifically to the places in the record where the relevant evidence is located.

■ We agree with those circuits that have held that Fed.R.Civ.P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute. *See Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1030–31 (9th Cir. 2001) (holding that it is unfair to the district court, to other litigants, and to the movant to impose a duty on the district court to "search and sift the factual record for the benefit of a defaulting party"); *Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 405–06 (6th Cir.1992) ("Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.... What concept of judicial economy is served when judges ... are required to do the work of a party's attorney?"); *Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (interpreting Fed.R.Civ.P. 56(e) to impose a requirement that a party designate evidence from a particular exhibit). *But see Stepanischen v. Merchs. Despatch Trans. Corp.,* 722 F.2d 922, 931 (1st Cir.1983) (interpreting Fed.R.Civ.P. 56(c) to impose upon district courts the duty to examine all the evidence "on file" in the absence of a local rule to the contrary). Furthermore, because nothing in the federal rules mandates that district courts conduct an exhaustive search of the entire record before ruling on a motion for summary judgment,

district courts are entitled to order litigants to provide specific record citations. *See* Fed.R.Civ.P. 83(b) (allowing district court to regulate motion practice in any manner consistent with federal law and the federal rules).

■ While district courts have considerable latitude in fashioning rules that will assist them in determining whether summary judgment is appropriate, they may not impose sanctions on litigants "for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with *actual notice* of the requirement." Fed. R.Civ.P. 83(b) (emphasis added). We therefore hold that, in the absence of a local rule, a district court may not grant summary judgment on the ground that the nonmovant's papers failed to cite to the record unless the parties are given actual notice of the requirement. *See InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989) ("[B]ecause [the court] failed to notify [plaintiff] of that requirement [through a local court rule or a pretrial order], it erred when it granted [defendant's] motion for summary judgment without granting [plaintiff] an opportunity to amend its pleadings."); *cf. White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir.1990) (per curiam) (holding that party opposing a summary judgment motion was "not required to cite specific page locations of his supporting evidence," but that district court could grant properly supported motion where opposing party

did not respond at all); *Stepanischen*, 722 F.2d at 931.

■ The cases relied upon by the Town are not to the contrary. In the majority of the cases, the court's refusal to consider evidence submitted on summary judgment but not specifically referenced by the motion papers was either supported by an applicable local rule or justified by the court's prior warning that record citations would be required. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 640–41 (7th Cir.1995); *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1033–34 (D.C.Cir.1988); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir.1988) (per curiam); *St. George v. Mak*, No. 5:92CV593, 2000 WL 303249, at *1 (D.Conn. Feb.15, 2000).[1] To the extent that district courts in this Circuit have held otherwise, *see Murungi v. United States Dep't of Veterans Affairs*, 136 F.Supp.2d 154, 157 n. 2 (W.D.N.Y.2001), we now clarify that under Fed.R.Civ.P. 83(b), actual notice or the existence of a local rule providing notice is a precondition to the imposition of a sanction for failing to comply with a citation requirement.

■ Nor are we persuaded that Local Rule 9(a)1, which provides that "[n]othing in [Rule 9] shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record," D. Conn. Local R. Civ. P. 9(a)1 (2000), established the requisite notice. That Rule by

---

1. Appellees also cite to *Nissho–Iwai*, 845 F.2d at 1307. It is unclear from that opinion whether the Fifth Circuit held that the district court was under no duty to consider a particular deposition before granting a motion for summary judgment because the nonmovant did not cite to it, *see id.* ("In her response to Nissho's motion, [the nonmovant] designates no specific facts to which she testifies in her

first deposition."), or because the particular deposition on which the nonmovant attempted to rely on appeal was not originally submitted as part of the record on summary judgment, *see id.* at 1305 ("At the time the court below ruled on Nissho's motion, the only evidence in the summary judgment record ... [was] a notarized, self-described 'affidavit.'") (footnote omitted).

its terms is directed at the moving party—in this case, the Town.[2] It is at best ambiguous with respect to whether it also applies to papers submitted by the non-movant. In any event, Rule 9(a)1 merely establishes that *Rule 9* cannot be read as creating an obligation on the district courts. It does not speak to the separate question of whether such a requirement may be found in the Federal Rules or elsewhere. Nor does it impose affirmative conditions upon litigants in filing their motion papers—if it did, then the amendment to Rule 9(c)3 would have been superfluous. Thus, Rule 9(a)1 did not provide reasonable notice to nonmovants that they were either required to include record citations with their motion papers, or that the district court could grant summary judgment without considering the rebuttal evidence when citations were not furnished.

## CONCLUSION

Because the district court did not provide plaintiffs with notice that citations to the record were required, we vacate the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

---

**2.** Notably, neither the Town's nor the plaintiffs' Rule 9 Statements contained record citations.