**ROYAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**ZYGO CORPORATION, Defendant.**

**Royal Insurance Company of America, Third–Party Plaintiff,**

v.

**Nan Ya Technology Corporation, Third–Party Defendant.**

**No. 3:01CV1317 (GLG).**

United States District Court, D. Connecticut.

Feb. 22, 2003.

Robert K. Marzik, John A.V. Nicoletti, Geoffrey J. Ginos, Laura K. Barzilai, Nicoletti, Hornig, Campise & Sweeney, New York City, for Royal Insurance Company of America.

Ian E. Bjorkman, Wiggin & Dana, New Haven, CT, Patrick J. Monahan, II, Lori Rittman Clark, Wiggin & Dana, Hartford, CT, for Zygo Corporation.

Daniel L. FitzMaurice, Charlsa D. Broadus, Day, Berry & Howard, Hartford, CT, Jaclyn C. Fink, C. Tait Graves, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for Nan Ya Tech.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Pending before this Court is the Second Renewed Motion of Third–Party Defendant, Nan Ya Technology Corporation, for Clarification[1] or, in the Alternative, Partial Reconsideration and Alteration of the Court's Order of September 11, 2002, granting Nan Ya's Motion for Summary Judgment [Doc. # 93]. This Court granted Nan Ya's Motion for Summary Judgment "absent objection from the Third Party Plaintiff." This Court's Order further provided that "[t]his is not a ruling on the merits and will have no collateral estoppel effect in this litigation."

Apparently, the Court's Order pleased no one. Nan Ya immediately moved for clarification and reconsideration. We denied that motion without prejudice in light of the absence of Nan Ya's counsel at an intervening status conference held by the Court. Nan Ya then renewed its motion for clarification and reconsideration, which the Court again denied, this time because notices of appeal had been filed by Third–Party Plaintiff, Royal Insurance Company of America, and by Nan Ya.[2] Undeterred, Nan Ya once again seeks reconsideration, clarification, and/or alteration of the Court's summary judgment order in order to remove any doubt that the judgment is final at least as to the parties to this lawsuit. Additionally, Nan Ya represents to the Court that, absent clarification, additional litigation against Nan Ya is virtually certain. In essence, Nan Ya wants the Court to clarify that its Order was intended to preclude any further litigation by Royal and/or Zygo against Nan Ya, arising out of this controversy.

Royal and defendant, Zygo Corporation, have filed responses in partial opposition to this renewed motion. Despite the fact that Royal did not oppose the motion for summary judgment, Royal now urges this Court to rule on the merits, based upon opposition filed by Zygo so that all inter-related disputes between the parties can be resolved in this one action. Zygo likewise supports partial reconsideration in order to ensure that its ability to later pursue Nan Ya is preserved.

For the reasons set forth below, Nan Ya's motion will be denied.

### Background

The underlying dispute giving rise to this litigation involves two atomic force microscopes, valued at close to $1.4 million, which Nan Ya purchased from Zygo, and which were damaged during shipment to Nan Ya. The cause of the damage is immaterial to this lawsuit. Following Nan Ya's refusal to pay for the damaged microscopes, Zygo and Nan Ya entered into "settlement" discussions.

1. The Court notes that there is no provision in the Federal Rules of Civil Procedure or the Local Civil Rules of the District of Connecticut for motions for "clarification" of an order.

2. These appeals were recently dismissed by the Court of Appeals for the Second Circuit for lack of jurisdiction because this action "is not encompassed by admiralty jurisdiction and a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291." *Royal Ins. Co. v. Zygo Corp.*, No. 02–9205(L), 02–9293(XAP), Order dtd. Feb. 13, 2003 (citations omitted).

The parties now dispute whether a settlement was reached. Eventually, however, Nan Ya paid Zygo for one of the damaged microscopes, and Zygo submitted a claim for loss on the other to Royal pursuant to its unpaid vendor's insurance coverage provided in its Marine Open Cargo Policy issued by Royal. After investigation, Royal denied coverage on several grounds.

Royal ultimately filed this declaratory judgment action against Zygo, pursuant to 28 U.S.C. § 2201, contending that its contingent subrogation rights against Nan Ya had been impaired or waived by Zygo as a result of these "settlement" discussions to which it was not a party, thereby violating a condition of insurance coverage. Zygo counterclaimed against Royal, denying any waiver or impairment, and seeking recovery for the unpaid purchase price. In response, Royal brought a third-party complaint against Nan Ya, asserting a contingent subrogation claim so that, if Royal were found liable to Zygo, Royal could recover from Nan Ya.

Nan Ya then filed a motion for summary judgment, seeking dismissal of Royal's claims on the ground, *inter alia*, that, pursuant to an alleged settlement between Zygo and Nan Ya, Zygo had released Nan Ya from any payment obligation on the second microscope. Nan Ya took the position that this settlement and release were binding on Royal, which stepped into the shoes of its insured.

Royal did not oppose the motion. According to its counsel, it made a conscious decision not to do so because it had not been a party to the settlement discussions and would have not firsthand knowledge of what transpired. Royal's counsel even suggests that he might have been in violation of Rule 11, Fed.R.Civ.P., had he opposed the motion. As to the merits of Nan Ya's motion, Royal argues that this is an admiralty case and, by filing a third-party complaint pursuant to Rule 14(c), Fed.R.Civ.P.,[3] it had "tendered" Nan Ya over to Zygo. In other words, Royal

maintains that the real adverse party is Zygo, not Royal, and that this Court should rule on the merits of the summary judgment motion based on Zygo's opposition.[4]

Zygo, on the other hand, which had no claim pending against Nan Ya, filed opposition to the summary judgment motion, apparently attempting to bolster its position that it did nothing to prejudice its rights under its insurance policy with Royal and to preserve its rights against Nan Ya should Royal prevail. Its counsel now states that he believed that Royal would also be opposing the motion as part of its prosecution of its third-party complaint. He now wants to make sure that this Court's ruling will not preclude Zygo from later suing Nan Ya to recover amounts due on the second microscope.

## *Discussion*

### *I. The Absence of Opposition*

■ This Court granted Nan Ya's motion for summary judgment in the absence of opposition from Royal, the only party that had asserted a claim against Nan Ya. No claim whatsoever has been asserted by Zygo against Nan Ya in this litigation.

Royal asserts that it "tendered" Nan Ya to Zygo under Rule 14(c), Fed.R.Civ.P., and, having done so, this action proceeded as if Zygo had sued Nan Ya directly. Thus, it maintains that it was not necessary for it to oppose the motion for summary judgment and that this Court should have considered Zygo's opposition. The impleader provisions of Rule 14(c), however, apply only to cases in which the plaintiff has asserted an admiralty or maritime claim within the meaning of Rule 9(h). Rule 14(c), Fed.R.Civ.P. The Second Circuit has held that admiralty is not a proper basis for jurisdiction in this case. *See* Note 1, *supra* (citing *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 199 (2d Cir.1992)). Accordingly, Royal cannot base its impleader complaint on Rule

---

**3.** The Third–Party Complaint does not indicate under what subsection of Rule 14 it was filed.

**4.** Nan Ya characterizes Royal's argument as "heads I win; tails we toss again," since Royal wants the Court to determine that its ruling had

collateral estoppel effect on Zygo because Zygo opposed Nan Ya's motion, but it also wants to ensure that it will be able to sue Nan Ya later if it should lose to Zygo. (Nan Ya's Mem. at 3.)

14(c). Thus, its argument that its third-party complaint should be treated as if Zygo had sued Nan Ya directly, thereby excusing its failure to file opposition papers, must fail.

Alternatively, Royal asserts that its third-party complaint should be treated like a claim for contribution and/or indemnity filed under Rule 14(a), Fed.R.Civ.P. Royal argues that Zygo, as a party adverse to Nan Ya, would still have standing to oppose the motion for summary judgment under Rule 56. Thus, it maintains that the motion should not have been granted absent opposition because there was opposition. We do not disagree that Zygo, as a party to the litigation, had a right to file responsive papers to the motion for summary judgment, whether in opposition or in support or otherwise. However, Royal's argument ignores the fact that the only claim against Nan Ya was the third-party complaint filed by Royal. The only adverse party on the third-party complaint was Royal. Had Royal wanted to adopt Zygo's opposition to the motion, it could have done so. But, it did not. Nan Ya's motion was unopposed by the only party who has asserted a claim against Nan Ya and the Court ruled on it accordingly.

## II. Not a Decision on the Merits

■ Nan Ya relies on the Second Circuit's decision in *Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir.2001), for the proposition that a district court may not grant a motion for summary judgment without first examining the moving party's submissions to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. It then argues that, in so doing, this Court should consider its Local Rule 9(c)1 Statement as deemed admitted by Royal and, based on those undisputed facts, grant Nan Ya's motion on the merits.

In granting the motion absent opposition, this Court was acting in accordance with the Local Rules of this Court, which provide that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 9(a). Additionally, Rule 56(e), Fed.R.Civ.P., provides that if the adverse party does not respond to a properly supported motion for summary judgment, "summary judgment, if appropriate, shall be entered against the adverse party." The grant of summary judgment was proper under either rule. *See United States v. One Hundred Thirty–Eight Thousand Three Hundred Eighty–One Dollars in U.S. Currency,* 240 F.Supp.2d 220, ——, 2003 WL 136258, at *4 (E.D.N.Y.2003) (holding that summary judgment may be granted where no opposition has been filed); *In re Towers Fin. Corp. Noteholders Litig.,* 996 F.Supp. 266, 271–73 (S.D.N.Y.1998) (holding that courts in the Second Circuit "have granted summary judgment by default where a party has failed to respond to the motion in violation of court rules and/or scheduling orders") (citing numerous cases); *Patten v. Eastman Kodak Co.,* No. 94–9112, 122 F.3d 1057 (Table), 1995 WL 595077 (2d Cir. Sept.12, 1995) (Unpublished Disposition) (same); *see also Amnesty America v. West Hartford,* 288 F.3d 467, 470 (2d Cir.2002) (agreeing with the circuits that have held that Fed.R.Civ.P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute). Nan Ya filed a properly supported motion for summary judgment, which was granted in the absence of opposing papers from the only party having an adverse claim against Nan Ya. This Court made it clear that it was not ruling on the merits of the motion, thus rendering it unnecessary for us to review the moving papers on the merits.

## III. No Collateral Estoppel Effect

■ The primary focus of Nan Ya's motion for clarification, reconsideration and/or alteration concerns the collateral estoppel or res judicata impact of the Court's ruling on subsequent threatened litigation by Royal and/or Zygo. The Court stated specifically that its ruling would have "no collateral estoppel effect *in this litigation.*" In other words, as between the remaining parties, Royal and Zygo, there has been no decision on the merits of any of the issues raised by Nan Ya's summary judgment motion. These issues were not "actually litigated and actual-

ly decided." *See Grieve v. Tamerin,* 269 F.3d 149, 153 (2d Cir.2001).

■ As to the impact of this Court's summary judgment ruling on any subsequent litigation, that is a matter that should appropriately be addressed in that litigation, not here. This Court cannot, and will not, issue an advisory opinion on the collateral estoppel or res judicata effect of its summary judgment ruling on litigation that has not been filed and may never be filed.

### Conclusion

For the foregoing reasons, Nan Ya's Second Renewed Motion for Clarification or, in the Alternative, Partial Reconsideration and Alteration of the Court's Order of September 11, 2002, granting Nan Ya's Motion for Summary Judgment [**Doc. # 93**] is DENIED.

SO ORDERED.