Calvin LEE, Plaintiff–Appellant,

v.

David ALFONSO, Chairman of Ulster County Legislature, Thomas J. Costello, Ulster Personnel Director, G. Turner, Ulster Police Officer, J. Dickson, Ulster Police Officer, J. Sheeley, Ulster Police Officer, R. Reynolds, Ulster Police Officer, Donald Short, Ulster Police Lieutenant, Barbara McClinton, Ulster Police Agent, Kevin Cunningham, N.Y.S. Trooper (Hurley), Michael Kavanagh, Ulster County District Attorney, in their individual and official capacities, Defendants–Appellees.

No. 04–1921.

United States Court of Appeals, Second Circuit.

Oct. 14, 2004.

Calvin Lee, Coxsackie, N.Y., for Appellant, pro se.

Mark D. Frering, Ulster County Attorney's Office, Kingston, N.Y., for Appellees Alfonso, Costello, and Kavanagh.

David L. Posner, McCabe & Mack LLP, Poughkeepsie, N.Y., for Appellees Turner, Dickson, Sheeley, Reynolds, and Short.

Present: SACK, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Appellant Calvin Lee, *pro se* and incarcerated, appeals from the order of the district court granting both the motion of appellees Alfonso, Costello, and Kavanagh to dismiss and the motion of appellees Turner, Dickson, Sheeley, Reynolds, and Short for summary judgment. *See Lee v. Alfonso,* No. 9:97–CV–1741 (N.D.N.Y. Feb. 10, 2004).

We review *de novo* a district court's decision to grant a motion to dismiss, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *See Mason v. Am. Tobacco Co.,* 346 F.3d 36, 39 (2d Cir.2003). However, " 'legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.' " *Id.* (quoting *United States v. Bonanno Organized Crime Family of La Cosa Nostra,* 879 F.2d 20, 27 (2d Cir.1989)) (further internal quotation marks and citation omitted). We also review a district court's grant of summary judgment *de novo,* construing "the evidence in the light most favorable to the non-moving party and ... draw[ing] all reasonable inferences in its favor." *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.,* 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

As to defendants-appellees Alfonso, Costello, and Kavanagh, we agree with the district court that Lee has failed to state a claim for which relief can be granted. In his submissions to the district court and this Court, Lee failed to raise specific factual allegations supporting his claims of constitutional violations. His complaint is thus insufficient as to these defendants. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987). Therefore, the defendants' motion to dismiss was properly granted.

We also agree that summary judgment for defendants-appellees Turner, Dickson, Sheeley, Reynolds, and Short is proper. The defendants provided a statement of facts, supported by numerous affidavits and exhibits, but Lee did not properly respond pursuant to the local rules, and provided no further specific facts and evidentiary submissions to the district court in support of his allegations. Federal Rule of Civil Procedure 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute. *See Amnesty Am. v. Town of West Hartford,* 288 F.3d 467, 470 (2d Cir.2002). In addition, we will not consider specific allegations Lee made in his submissions to this Court, that he did not make in the district court. *See Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.,* 347 F.3d 448, 462 (2d Cir.2003). Because Lee offered no support for his allegations against the defendants, in response to the defendants' statement of facts and evidentiary submissions, no genuine issue of material fact remains.

Finally, we note that, in any event, the defendants are immune from suit in their official capacity under the Eleventh

Amendment. *See New York City Health & Hosps. Corp. v. Perales,* 50 F.3d 129, 134 (2d Cir.1995).

We have carefully reviewed Lee's other claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.