12-3331-cv
Morales v. N.Y. State Dep't of Labor

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                   *Circuit Judges.*

_____

DEBORAH L. MORALES,

               *Plaintiff-Appellant*,

          -v-                                          12-3331-cv

NEW YORK STATE DEPARTMENT OF LABOR,
DIVISION OF EMPLOYMENT SERVICES,

               *Defendant-Appellee.*[*]

_____

Appearing for Appellant:        Linda Marie Correia (Sheri Strickler Shilling, *on the brief*), Webster, Fredrickson, Correia & Puth, PLLC, Washington, DC

Appearing for Appellee:         Bethany A. Davis Noll, Assistant Solicitor General (Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Cecelia C. Chang, Deputy Solicitor General, *on the brief*), New York, NY

---

[*] The Clerk of the Court is directed to amend the caption as set out above.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Deborah Morales appeals from the district court's July 18, 2012 judgment in favor of the Department of Labor ("DOL") on Morales's claim of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* following a jury trial, challenging evidentiary rulings of the district court. Morales also appeals from the district court's March 30, 2012 grant of partial summary judgment to the DOL. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A grant of summary judgment is reviewed "de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment may be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). Where the moving party demonstrates that there is no genuine dispute as to any material fact, the non-moving party must then present specific evidence demonstrating a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(a).

In the instant case, the DOL sought partial summary judgment on Morales's retaliation claim, conceding that there were genuine disputes of material fact that precluded summary judgment insofar as it arose from events that occurred after July 24, 2006. A necessary element of a claim for retaliation is that the plaintiff has engaged in protected activity. *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006). In opposition to the DOL's motion, Morales offered evidence that she engaged in protected activity in February 2006, but did not offer any evidence or direct the district court to any part of the record indicating that she engaged in protected activity at an earlier time. Federal Rule of Civil Procedure 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute." *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002). A district court is obligated only to consider the materials cited to it by the parties. Fed. R. Civ. P. 56(c)(3).

The district court granted partial summary judgment on the retaliation claim, allowing Morales to proceed to trial regarding any events that occurred on or after February 16, 2006. Morales now points to other informal complaints she made in order to urge this Court to vacate this grant of partial summary judgment. Morales has forfeited this argument by failing to present these incidents of alleged protected activity to the district court at the summary judgment stage. *See Schipani v. McLeod*, 541 F.3d 158, 159 n.3 (2d Cir. 2008) ("[M]any cases use 'forfeiture' and 'waiver' interchangeably, [but] we believe that 'forfeiture' is the correct terminology here, because it refers to a litigant's 'failure to make the timely assertion of a right,' while 'waiver' refers to a 'litigant's intentional relinquishment of a known right.'" (internal citation omitted)). If a plaintiff does not assert that an event constituted protected activity to the district court, this

2

Court will consider it forfeited. *See Katel L.L.C. v. AT & T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010). While forfeiture is a prudential doctrine, *id.*, here Morales "has offered no reason for [her] failure to raise this argument to the district court," and thus "we decline to exercise our discretion" to consider it now, *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008). The district court's grant of partial summary judgment is therefore affirmed.

"We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and will not disturb such rulings unless they are 'manifestly erroneous.'" *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (citations omitted). It is certainly the case that when presiding over a retaliation trial where the attendant claims of discrimination have already been dismissed, the district court cannot exclude evidence of the allegedly discriminatory acts because to do so would hamstring the plaintiff's case by preventing her from demonstrating that she engaged in protected activity. Contrary to Morales's current assertions, the district court did not commit such an error here. The district court permitted both testimony about and the submission of documentary evidence of the discriminatory acts alleged by Morales—that is, the disciplinary actions taken against her. The district court excluded evidence offered to demonstrate the existence of protected activity that related to the time period for which the retaliation claim had already been dismissed at summary judgment. We cannot conclude that these decisions, based on the balancing of factors under Federal Rule of Evidence 403, were "manifestly erroneous." *SR Int'l Bus. Ins. Co.*, 467 F.3d at 119.

We have considered Morales's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk