17-3256-pr
Swinton v. Wright

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---------------------------------------------------------------

GREGORY SWINTON,

*Plaintiff-Appellant,*

v.                                                          No. 17-3256-pr

CARSON WRIGHT,

*Defendant-Appellee,*

NORTHERN MEDICAL CENTER,

*Defendant.*

---------------------------------------------------------------

FOR APPELLANT: MICHAEL J. GAFFNEY (Kevin King, Robert A. Long, Jr., *on the brief*), Covington & Burling LLP, Washington, DC.

FOR APPELLEE: MATTHEW B. BEIZER, Assistant Attorney General, *for* William Tong, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*) entered on September 6, 2017.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Gregory Swinton appeals from a judgment of the District Court (Underhill, J.) granting summary judgment in favor of Carson Wright, a physician who worked at different facilities within the Connecticut Department of Corrections and who, Swinton alleges, acted with deliberate indifference to his need for an allergen-free diet, in violation of the Eighth Amendment. See U.S. CONST. amend VIII. The District Court held that no reasonable factfinder could conclude that Wright acted with deliberate indifference to Swinton's medical needs. We review that decision de novo. See Sotomayor v. City of New York,

2

713 F.3d 163, 164 (2d Cir. 2013). In doing so, we assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Wright first examined Swinton on March 22, 2016. Shortly thereafter, Wright recommended that Swinton's request for an allergen-free diet be forwarded to the prison hospital's medical director. Swinton had been on such a diet for most of his incarceration but had twice voluntarily removed himself from the diet. In deciding whether to grant Swinton's request for reinstatement of the diet following his second voluntary removal, the director ordered that Swinton undergo allergy testing. Roughly three weeks after Wright first examined Swinton, he received the results of Swinton's allergy tests and ordered that Swinton be placed on a diet that excluded eggs, nuts, and soy. In light of these undisputed facts, we agree with the District Court that Swinton adduced no admissible evidence that Wright knew of and disregarded "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Even if Wright could have granted Swinton's dietary request while awaiting the results of Swinton's allergy testing, we agree with the District Court that failure

3

to do so would not have constituted deliberate indifference.   See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("Deliberate indifference is a state of mind that is the equivalent of criminal recklessness." (quotation marks omitted)).

On appeal, Swinton points to a crossed-out notation in his medical record that suggests that Wright may have known about his dietary request at least three weeks before his March 22 examination.   But Swinton never alerted the District Court to this notation,[1] and notwithstanding Swinton's pro se status, the District Court was not obligated to "conduct an exhaustive search of the entire record" for specific facts that might raise a genuine dispute for trial.   Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002).   Even if Wright knew about Swinton's allergies on March 1, the six-week delay would still not constitute deliberate indifference under the Eighth Amendment.   See Hernandez, 341 F.3d at 144; cf. Hathaway v. Coughlin, 841 F.2d 48, 50–51 (2d Cir. 1988) (inmate who alleged "delay of over two years in arranging surgery to

---

[1] We note that Swinton was sent the standard "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" required by the Local Rules.   It states, in bolded text, that pro se parties must cite to specific pages in the record.   Dist. Ct. Dkt. No. 29-6, at 2.

correct the broken pins in his hip" raised factual dispute as to whether prison doctor was deliberately indifferent).

We have considered Swinton's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court