*Capogrosso v. Gelbstein*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT:

> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

MARIO H. CAPOGROSSO,

> *Plaintiff-Appellant*,

> v.                                                                  No. 22-2827

ALAN GELBSTEIN, in his official and individual capacity, IDA TRASCHEN, in her official and individual capacity, DANIELLE CALVO, in her official and individual capacity, PEC GROUP OF NY, INC., MARK J.F. SCHROEDER, Commissioner of the New York State Department of Motor Vehicles, DAVID SMART, SADIQ TAHIR,

> *Defendants-Appellees*.*

_____

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**    MARIO H. CAPOGROSSO, *pro se*, New Rochelle, NY.

**For Defendants-Appellees Alan Gelbstein, Ida Traschen, Danielle Calvo, & Mark J.F. Schroeder:**    CLELAND B. WELTON II, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY.

**For Defendant-Appellee David Smart:**    ANDREI GRIBAKOV JAFFE (Sharon Katz, Amelia T.R. Starr, Anna Lee Whisenant, Yao Chen, *on the brief*), Davis Polk & Wardwell LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric R. Komitee, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Attorney Mario Capogrosso, proceeding *pro se*, appeals from a grant of summary judgment dismissing his claims for First Amendment retaliation under 42 U.S.C. §§ 1983 and 1988, following his disbarment from practicing law before the New York State Department of Motor Vehicles (the "DMV") Traffic Violations

2

Bureau (the "TVB"). Specifically, Capogrosso argues that the district court erred by improperly limiting discovery and by granting summary judgment in favor of defendants despite a genuine dispute of material fact. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a district court's discovery decisions for abuse of discretion. *See Pippins v. KPMG, LLP*, 759 F.3d 235, 251 (2d Cir. 2014). We review a district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and resolving all ambiguities and drawing all reasonable inferences against the moving party. *See Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment is appropriate only when there is no genuine dispute of material fact that would allow a reasonable jury to rule in favor of the non-moving party. *See* Fed. R. Civ. P. 56(a); *Kee*, 12 F.4th at 158. A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (internal quotation marks omitted).

3

Capogrosso first argues that the district court abused its discretion during discovery when it granted a protective order to defendant Schroeder, required Capogrosso to take defendant Smart's sworn testimony through interrogatories and a hearing instead of through a deposition, and declined to order the TVB to allow Capogrosso physical access to its facilities to conduct unscheduled interviews.

To the extent that Capogrosso preserved these challenges, he has not shown any abuse of the district court's "wide discretion" in managing pretrial discovery. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004). Schroeder – appointed in 2019 and a defendant only because he assumed the position of Commissioner of the DMV – has no firsthand knowledge of the events at issue in this case. Capogrosso provided no specific reason for why Schroeder's deposition would have yielded relevant evidence beyond his interrogatories, and he certainly did not demonstrate the "exceptional circumstances" necessary to depose a high-ranking state official. *Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013). With respect to Capogrosso's request to depose Smart, the district court reasonably concluded that interrogatories – the answers to which were ultimately taken through Smart's testimony at a sworn hearing – were preferable

4

to a deposition, given the history of altercations between Capogrosso and Smart. Furthermore, the very question that Capogrosso now claims he needed a deposition to explore – whether the TVB defendants directed Smart to instigate a physical altercation with Capogrosso – was put to Smart, who denied it under oath. Finally, the district court in no way abused its discretion by declining to order the TVB defendants to permit Capogrosso physical access to the TVB facilities so that he could conduct impromptu interviews of those who might be present there. Because Capogrosso had every opportunity to use the formal discovery tools provided by the Federal Rules of Civil Procedure to identify, subpoena, depose, or compel TVB witnesses, he was not entitled to a court order allowing him to stroll the halls of the TVB in the hope of bumping into someone with relevant information.

Capogrosso next argues that the district court wrongly granted summary judgment in favor of defendants because there was a genuine dispute of material fact as to whether the TVB defendants conspired with Smart to instigate an altercation with Capogrosso as a pretext to retaliate against him for writing a letter of complaint to the New York Attorney General's office. Capogrosso principally contends that the summary judgment ruling contradicted the district court's

5

earlier denial of defendants' motion to dismiss. But it is elementary that motions to dismiss and motions for summary judgment are subject to different standards, with the former focusing on the adequacy of the pleadings, *see* Fed. R. Civ. P. 12(d), and the latter addressing whether the factual record as compiled by the parties was sufficient to support a dispute of material fact for the jury, *see Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

Construing the facts in the light most favorable to Capogrosso, we agree with the district court's conclusion that Capogrosso's claim for injunctive relief against the TVB defendants fails as a matter of law.[1] Section 1983 provides, in relevant part, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Here, there is no question that Capogrosso could have sought declaratory relief through Article 78 proceedings in the New York Supreme Court but instead

---

[1] Capogrosso does not challenge the district court's determination that disbarring him was a judicial act, that the TVB defendants were entitled to judicial immunity and quasi-judicial immunity, and that therefore the TVB defendants were immune from Capogrosso's section 1983 claims for money damages. *See Capogrosso v. Gelbstein*, No. 1:18-cv-2710 (ERK), 2022 WL 4550812, at *3 (E.D.N.Y. Sept. 29, 2022); *Capogrosso v. Gelbstein*, No. 1:18-cv-2710 (LSB), 2022 WL 5426450, at *5–6 (E.D.N.Y. Feb. 1, 2022).

chose to forego such relief because he "couldn't get money in an Article 78 proceeding." Dist. Ct. Doc. No. 221 at 89.

Capogrosso nevertheless argues that *Ex Parte Young*, 209 U.S. 123 (1908), provides him with an alternative path to injunctive relief, notwithstanding the language of section 1983. But even if we were to assume that section 1983's restriction on injunctive relief applies only to claims brought pursuant to section 1983 and that Capogrosso's claim is one brought under a cause of action *other* than section 1983, his claim would still fail. *Ex Parte Young* "recognized a narrow exception [to state sovereign immunity] grounded in traditional equity practice – one that allows certain private parties to seek judicial orders in federal court preventing state *executive* officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (emphasis added). The doctrine "does not normally permit federal courts to issue injunctions against state-court *judges* or clerks." *Id.* (emphasis added). Capogrosso has not contested the district court's determination that the TVB defendants are judicial officers engaged in judicial acts. The injunction he seeks is therefore beyond the scope of relief contemplated in *Ex Parte Young* and is barred by state sovereign immunity.

With respect to Capogrosso's claims against defendant Smart, a private security guard, we agree with the district court that, construing the facts in the light most favorable to Capogrosso, no reasonable jury could have concluded that Smart's actions were fairly attributable to the state. *See Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010). Only "state actors or private parties acting under the color of state law" are subject to suit under section 1983, *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (internal quotation marks omitted), and Capogrosso failed to adduce any evidence suggesting that Smart was a state actor or that his conduct was "fairly attributable to the state," *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (internal quotation marks omitted). Indeed, Capogrosso admitted during his deposition that his suspicion that TVB officials were behind Smart's May 2015 altercation with him was based on his "personal opinion" about corruption at the TVB. Dist. Ct. Doc. No. 222 at 418–19. At the summary judgment stage, Capogrosso cannot rely on his own conjecture and speculation to create a genuine issue of fact. *See Niagara Mohawk Power Corp.*, 315 F.3d at 175. The district court therefore did not err in granting summary judgment for Smart on Cappogrosso's section 1983 claims against him.

8

We have considered Capogrosso's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court